UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA GONZALEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>APTTUS CORPORATION,<br><br>             Defendant. | Case No. 21-cv-01844-JCS<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND REQUIRING REIMBURSEMENT OF POST-COMPLAINT SERVICE COSTS** |

Plaintiff Yanira Gonzalez, pro se, filed proof of service indicating that a registered California process server served Defendant Apttus Corporation's registered agent with the complaint, summons, and other documents in this action during business hours on July 26, 2021. Dkt. 25.  Apttus did not appear, and the Clerk entered its default on September 13, 2021.  Dkt. 30. Apttus filed an answer (dkt. 31) later that same day, and thereafter moved for relief from default, asserting that its registered agent has no record of receiving Gonzalez's complaint, and that while its agent received Gonzalez's case management statement on August 26, 2021, the agent inadvertently failed to notify Apttus of this action until September 8, 2021.  *See* Mot. (dkt. 36); DeBonis Decl. (dkt. 32-1) ¶ 10.

Regardless of whether its agent was at fault in failing to notify Apttus of the case, Apttus has shown good cause to set aside its default in this case under Rule 55(c) of the Federal Rules of Civil Procedure.  Its motion is therefore GRANTED, its default is set aside, and the hearing noticed for October 22, 2021 is VACATED.  Apttus has already filed its answer and the case may proceed.[1]

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

That said, faced with the conflict between Gonzalez's process servers' declarations that they completed service of process and Apttus's agent's declaration that it has no record of such service (while acknowledging mishandling service of a subsequent case management statement), the Court finds that service was more likely than not completed. Gonzalez incurred out of pocket expenses engaging a process server to continue to serve documents on Apttus after it should have appeared and responded to her complaint. *See* dkt. 26-1 (indicating service of Gonzalez's case management statement by a process server); dkt. 28-1 & 29 (indicating service of Gonzalez's request for entry of default by a process server). Exercising its inherent authority, the Court ORDERS Apttus to reimburse Gonzalez for the costs she incurred for service of the case management statement and request for entry of default, no later than October 27, 2021. The parties shall meet and confer to determine the amount of those costs.

**IT IS SO ORDERED.**

Dated: October 13, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge