Dylan B. Carp (State Bar No. 196846)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Dylan.Carp@jacksonlewis.com

Jamie M. Goetz-Anderson (Admitted *Pro Hac Vice*)
JACKSON LEWIS P.C.
PNC Center
201 E. Fifth Street - 26th Floor
Cincinnati, Ohio 45202-4189
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
E-mail: Jamie.Goetz-Anderson@jacksonlewis.com

Attorneys for Defendant
Apttus Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yanira Gonzalez,<br><br>       Plaintiff,<br><br>v.<br><br>Apttus Corporation, aka<br>Conga<br>Thoma Bravo<br><br>       Defendant. | Case No. 3:21-cv-01844-JCS<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT**<br><br>Date:     October 29, 2021<br>Time:    2:00p.m.<br>Ctrm.:   Remote Conference<br>Judge:  Hon. Joseph C. Spero,<br>             Chief Magistrate Judge<br><br>Complaint Filed:  02/10/2021<br>Trial Date:        Not Set |

///

///

///

///

///

///

///

Pursuant to Federal Rule of Civil Procedure 26(f) and the Standing Order for All Judges of the Northern District of California addressing the Contents of Joint Case Management Statements, Defendant APTTUS CORPORATION ("Defendant" or "Apttus") submits the following Case Management Statement[1]:

1. <u>Jurisdiction & Service</u>

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. On February 20, 2021, Plaintiff filed the civil lawsuit in the U.S. District Court for the Southern District of New York. The U.S. District Court for the Southern District of New York transferred this action to this Court on March 10, 2021. Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and Americans with Disabilities Act of 1990. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over these claims. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to all other non-federal question causes of action. There are no disputes concerning venue or personal jurisdiction.

2. <u>Facts</u>

Plaintiff was previously employed by Apttus. Plaintiff's employment was terminated in or around December 13, 2019 due to Plaintiff's unacceptable work performance and misrepresentation regarding her work location. Apttus denies Plaintiff's allegations of unlawful harassment, discrimination, or retaliation. Plaintiff's termination and any other adverse employment action alleged in this lawsuit: (1) were based on wholly legitimate, non-discriminatory, and non-retaliatory reasons; (2) are time barred and/or fail because Plaintiff failed to timely exhaust her administrative remedies; and/or (3) otherwise lack substantive merit.

3. <u>Legal Issues</u>

Plaintiff alleges the following causes of action against Apttus: (1) sex discrimination and/or retaliation pursuant to Title VII of the Civil Rights Act of 1964; (2) age discrimination and/or retaliation pursuant to the Age Discrimination in Employment Act of 1967; (3) disability

---

[1] Plaintiff declined to submit a Joint Case Management Statement, and it is Defendant's understanding that Plaintiff intends to file her own submission.

discrimination and/or retaliation pursuant to the Americans with Disabilities Act of 1990; (4) employment discrimination pursuant to the New York State Human Rights Law; (5) employment discrimination pursuant to the New York City Human Rights Law.

Beyond Plaintiff's previously having an employment relationship with Apttus, the elements of each of Plaintiff's legal claims and the grounds for this action are at issue. Defendant has asserted numerous affirmative defenses, which are also at issue.

4. 4. <u>Motions</u>

Apttus intends to file a motion for judgment on the pleadings and/or motion for summary judgment/adjudication as appropriate.

5. <u>Amendment of Pleadings</u>

The Parties do not anticipate the need to amend their pleadings but reserve the right to do so should the need for amendment arise in the course of litigation. Defendant proposes the following deadline amending the pleadings: December 15, 2021.

6. <u>Evidence Preservation</u>

Apttus certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and has undertaken efforts to preserve relevant evidence.

7. <u>Disclosures</u>

The parties have not yet served their initial disclosures or produced documents pursuant to General Order No. 71. Defendant proposes the following deadline for service of initial disclosures and production of documents pursuant to General Order No. 71: November 22, 2021.

8. <u>Discovery</u>

The parties have not yet engaged in discovery. Defendant anticipates serving written discovery, including interrogatories and requests for production, and deposing Plaintiff, Plaintiff's expert witness (if any), and possibly other witnesses who may be discovered during discovery.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Defendant denies that Plaintiff is eligible for any relief and reserves the right to seek costs of litigation against Plaintiff should Defendant prevail.

12. <u>Settlement and ADR</u>

The parties have engaged in informal settlement discussions, but have not yet participated in any further ADR. Apttus is agreeable to participating in a settlement conference with a magistrate judge.

13. <u>Consent to Magistrate Judge For All Purposes</u>

Both parties have previously filed consent to proceed before a magistrate judge.

14. <u>Other References</u>

It is Defendant's position that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

It is Defendant's position that there is no narrowing of issues at this time.

16. <u>Expedited Trial Procedure</u>

Defendant is not aware of any means to expedite or streamline the process at this time.

17. <u>Scheduling</u>

Apttus proposes the following schedule:

| **Deadline** | **Date** |
|---|---|
| Completion of Initial ADR Session | February 28, 2022 |
| Non-Expert Discovery Cut-Off | April 29, 2022 |
| Dispositive Motion Hearing Deadline | June 17, 2022 |
| Expert Disclosure | August 15, 2022 |
| Rebuttal Expert Disclosure | September 30, 2022 |
| Expert Discovery Cut-Off | October 31, 2022 |
| Final Pretrial Conference | January 10, 2023 |
| Trial | March 6, 2023 |

18. Trial

Plaintiff has requested a jury trial. Defendant anticipates that trial will last three days.

19. Disclosure of Non-party Interested Entities or Persons

Defendant has not yet filed its Certification of Interested Entities or Persons, but will do so before the October 29, 2021 Case Management Conference.

20. Professional Conduct

Defendant's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Defendant is not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: October 20, 2021                                              JACKSON LEWIS P.C.

                                                            By:   /s/ Jamie M. Goetz-Anderson
                                                                  Dylan B. Carp
                                                                  Jamie M. Goetz-Anderson
                                                                  Attorneys for Defendant
                                                                  Apttus Corporation

4870-3216-8704, v. 1