UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA GONZALEZ, | Case No.  21-cv-01844-JCS |
| Plaintiff, | |
| v. | **ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| APTTUS CORPORATION, | Re: Dkt. No. 49 |
| Defendant. | |

## I.     INTRODUCTION

Plaintiff Yanira Gonzalez, pro se, brought this action against her former employer Defendant Apttus Corporation asserting discrimination based on age, sex, and disability.  Apttus moves for judgment on the pleadings, arguing that Gonzalez waited too long to file an administrative charge with the EEOC as required for her federal claims, and that she cannot proceed on claims under New York law when she alleges that she was employed in California. The Court finds the matter suitable for resolution without oral argument and VACATES the motion hearing previously set for March 4, 2022 at 9:30 AM Pacific Time, although **the case management conference set for the same time remains on calendar** and will proceed as scheduled.  For the reasons discussed below, Apttus's motion is GRANTED and Gonzalez's claims are DISMISSED, without prejudice to Gonzalez filing an amended complaint no later than April 1, 2022.[1]

## II.     BACKGROUND

Gonzalez alleges that she was employed by Apttus in San Mateo, California.  Compl. (dkt. 1) at 3.  She asserts that Apttus discriminated her based on age, sex, and a disability related to

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

United States District Court
Northern District of California

mental health, that it failed to accommodate her disability, and that it retaliated against her for reporting discrimination. *Id.* at 4–5. In an attachment, she explains that she was paid less than a similarly qualified man hired in April of 2018 to replace her managing a project.[2] *See* dkt. 1-2 (attachment to complaint). When she complained about that incident, and another incident where a male director was unprepared for a client presentation, she "was told to just deal with it" and no investigation was conducted. *Id.* In May of 2018, Gonzalez took a leave of absence related to a disability for which she did not receive "any support from the leadership or HR team." *Id.* In June of 2019, Gonzalez was assigned back to the project to replace the man who had replaced her in 2018 because was unable to "do the job well." *Id.* In November of 2019, Gonzalez requested leave to work from England for two or three weeks while handling "a medical and family issue," but Apttus denied that request even though it granted a similar accommodation for a male director. *Id.* Apttus fired Gonzalez in December of 2019 for "performance related concerns, and misrepresentation of work location." *Id.* In her view, the circumstances that led to her firing were similar to the issues she had previously raised regarding a male colleague's lack of preparation, which Apttus had ignored. *Id.* Apttus did not provide her with severance, stock, or bonuses. *Id.*

Gonzalez filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which is also captioned as addressed to the California Department of Fair Employment and Housing ("DFEH"), on December 8, 2020 setting forth the same facts and asserting the same theories of discrimination and retaliation as in her complaint here. Dkt. 1-4. The EEOC issued a right-to-sue letter on December 14, 2020 notifying Gonzalez that she if she wished to pursue Title VII or Age Discrimination in Employment Act ("ADEA") claims in court, she must do so within ninety days of receipt of that letter. Dkt. 1-3. Gonzalez states in her complaint that she received the letter on January 1, 2021. Compl. at 6.

On February 10, 2021, Gonzalez filed her complaint in the Southern District of New York. *See generally* Compl. She asserts claims under Title VII, the ADEA, the New York State Human

---

[2] Since a plaintiff's factual allegations are generally taken as true in assessing the sufficiency of the pleadings, this order summarizes Gonzalez's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed.

1   Rights Law, and the New York City Human Rights Law. *Id.* at 3–4.  The Southern District of

2   New York transferred the case to this district sua sponte based on its determination that the

3   conduct at issue occurred while Gonzalez was employed in California and the case lacked a

4   sufficient connection to New York to establish that state as an appropriate venue. *See* dkt. 4.

5       After Apttus was served, it filed an answer (dkt. 31) on September 13, 2021, and filed its

6   present motion for judgment on the pleadings on January 28, 2022, *see generally* Mot. (dkt. 49).

7   Apttus contends that Gonzalez's federal claims should be dismissed for failure to exhaust

8   administrative remedies within 300 days of the conduct at issue because she waited until 361 days

9   after she was fired to file her administrative charge, Mot. at 5–6, and argues that her New York

10  claims must be dismissed because she alleges that she was employed in California and has not

11  alleged any connection to New York, *id.* at 6–7.

### III.    ANALYSIS

#### A.    Legal Standard

14      Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment

15  on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R.

16  Civ. P. 12(c).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)

17  because, under both rules, a court must determine whether the facts alleged in the complaint, taken

18  as true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th

19  Cir. 2012) (citation and internal quotation marks omitted).  Generally, a plaintiff's burden at the

20  pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]

21  pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

22  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In ruling on a motion

23  under Rule 12(c), the Court must accept all factual allegations in the complaint as true and view

24  them in the light most favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925

25  (9th Cir. 2009).

26      Dismissal at the pleading stage may be based on a lack of a cognizable legal theory or on

27  the absence of facts that would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901

28  F.2d 696, 699 (9th Cir. 1990).  A complaint must "contain either direct or inferential allegations

United States District Court
Northern District of California

United States District Court
Northern District of California

respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even post-*Iqbal*, courts must still liberally construe pro se filings. *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010). As the Ninth Circuit explained in *Hebbe*, "while the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342. Nevertheless, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses a complaint for failure to state a claim, it should "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). In general, courts "should freely give leave when justice so requires." *Id.* Further, when it dismisses the complaint of a pro se litigant with leave to amend, "'the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "'Without the benefit of a statement of deficiencies, the pro litigant will likely repeat previous errors.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.    Timeliness of Gonzalez's Federal Claims**

A plaintiff alleging employment discrimination in violation of Title VII or the ADA must file a charge with the EEOC within 300 days of the conduct at issue (or within 180 days in states that do not have their own enforcement agencies). *See Holmes v. Tacoma Pub. Sch. Dist. No. 10*, 736 F. App'x 190, 191 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117; *Nat'l Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 104–05 (2002)).  The ADEA has the same requirement.  *See* 29 U.S.C. § 626(d)(1); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007).

> [A plaintiff's] failure to timely file her charge to the EEOC is not necessarily fatal. As the Supreme Court has held, the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 113. "Equitable tolling is, however, to be applied only sparingly." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997). For example, the Supreme Court has permitted equitable tolling when "the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (collecting cases). But "[c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving [her] legal rights.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

*Holmes*, 736 F. App'x at 191.  Although the charge-filing requirement is not a limitation on the jurisdiction of the federal courts, it remains "'mandatory' in the sense that a court must enforce the rule if a party properly raises it." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849, 1852 (2019) (cleaned up).

Here, as Apttus correctly notes, Gonzalez's EEOC charge is dated 361 days after she alleges she was fired.  Gonzalez asserts in her opposition that she first attempted to file a charge with the EEOC in New York, which "was successfully filed on November 23, 2020," but the EEOC told her that she must file in California.  Opp'n (dkt. 53) at 4.  She also asserts that she experienced serious health issues in 2020 that impaired her ability to pursue her claims.  *Id.* at 9.  But if Gonzalez intends to rely on those assertions to support any argument for tolling the EEOC filing deadline, she must include them as allegations in her complaint.  Presenting new factual assertions in an opposition brief is not a substitute for allegations missing from a complaint.  *See Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) (affirming dismissal, although reversing

United States District Court
Northern District of California

1  denial of leave to amend, where a "plaintiff [had] attempt[ed] to expand the scope of his complaint

2  by making allegations in a collateral document not subject to counter by means of an answer or

3  motion to dismiss").  Since these assertions are not properly before the Court in their current form,

4  and Gonzalez has not meaningfully addressed their legal significance even if they were, the Court

5  declines to resolve at this time whether they would be sufficient to support tolling the deadline if

6  Gonzalez had included them in her complaint.

7      Accordingly, Apttus's motion is GRANTED as to Gonzalez's federal claims under Title

8  VII, the ADA, and the ADEA, without prejudice to Gonzalez pursuing those claims in an

9  amended complaint if she can include sufficient factual allegations in such a complaint to support

10  tolling the deadline for filing her charge with the EEOC.

11      **C.  Applicability of New York Statutes**

12      The parties have not addressed in any detail the degree of a connection to New York that is

13  necessary for Gonzalez to pursue her claims under the New York state and city human rights laws

14  asserted in her complaint, *see* Compl. at 4, but Gonzalez does not dispute that at least some

15  connection is required.  Gonzalez asserts in her opposition brief that she was hired in New York

16  and performed at least some work remotely from New York.  Opp'n at 5, 10.  No such allegations

17  appear in her complaint, however, and mere assertions in a legal brief are not a substitute for

18  allegations in a complaint.  *Udom*, 846 F.2d at 1238.  Her complaint indicates only that she was

19  employed by Apttus in San Mateo, California.  Compl. at 3.  Apttus's motion is therefore

20  GRANTED as to Gonzalez's New York claims, without prejudice to Gonzalez included them in

21  an amended complaint if she can allege a sufficient connection to New York.  If Gonzalez intends

22  to pursue these claims, her amended complaint must include factual allegations addressing any

23  relevant connection to New York.

24      In the absence of meaningful briefing by either party, the Court declines to resolve at this

25  time the precise contours of how New York antidiscrimination law applies to remote workers.

26      **D.  Leave to Amend to Assert Other Claims**

27      Gonzalez's opposition brief suggests that she intends to pursue claims under California law

28  (for which she has filed charge with the DFEH, after having mistakenly believed that her EEOC

charge also served to notify the DFEH), and perhaps under the federal Equal Pay Act. No such claims appear in her current complaint. If Gonzalez wishes to pursue these or any other claims related to her employment at Apttus, she may include them in an amended complaint, although she may not add new parties without permission from the Court. At this time, the Court does not reach any question of whether such claims would be viable.

## IV.     CONCLUSION

For the reasons discussed above, Apttus's motion for judgment on the pleadings is GRANTED, and Gonzalez's claims are DISMISSED without prejudice. If Gonzalez believes she can cure the defects identified above, or that she can state other viable claims related to her employment at Apttus, she may file an amended complaint no later than April 1, 2022. Any such complaint must include the caption and case number for this case and the words "FIRST AMENDED COMPLAINT" on the first page. The amended complaint cannot incorporate the original complaint by reference; it must include all relevant factual allegations and legal claims on which Gonzalez intends to rely. Gonzalez should set forth her factual allegations and legal claims in consecutively numbered paragraphs consistent with Rule 10(b) of the Federal Rules of Civil Procedure.

Gonzalez also raises discovery issues in her opposition, including whether Apttus complied with its initial disclosure obligations or produced documents requested by Gonzalez. *See* Opp'n at 11. An opposition to a motion for judgment on the pleadings is not the appropriate mechanism to raise these issues.

Gonzalez is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Gonzalez may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: March 3, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

7