UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>APTTUS CORPORATION,<br><br>    Defendant. | Case No. 21-cv-01844-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 77 |

Plaintiff Yanira Gonzalez, pro se, moves for leave to file a motion for reconsideration of the Court's previous order dismissing certain claims with prejudice (and noting that Gonzalez had failed to include certain claims from her original complaint in her first amended complaint). Since Gonzalez wishes to reassert claims that the Court previously dismissed with prejudice, the standard for reconsideration is more appropriate than the baseline standard for amending a pleading under Rule 15.

This Court's local rules require that a party seeking leave to move for reconsideration of an interlocutory order "must specifically show reasonable diligence in bringing the motion, and one of the following:"

>   (1)   That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
>   (2)   The emergence of new material facts or a change of law occurring after the time of such order; or
>
>   (3)   A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). "Unless otherwise ordered by the assigned Judge, no response need be filed and

no hearing will be held concerning a motion for leave to file a motion to reconsider." Civ. L.R. 7-9(d).

Gonzalez recites a portion of the first prong of Local Rule 7-9(b), stating that "that at the time of the motion for leave, a material difference in fact and law exist[s] from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Mot. (dkt. 77) at 2. She asserts that she misunderstood her obligation to include all facts and claims in an amended complaint (despite the instruction in the Court's first order of dismissal that she must do so), that Defendant Apttus Corporation waived arguments regarding Gonzalez's untimely EEOC filing, and that Gonzalez was hospitalized in 2020 after her employment ended. Some of those arguments were previously presented to the Court; others were not.

Gonzalez does not acknowledge the local rule's requirement that, where a motion for leave to file for reconsideration is based on a material difference of fact or law, it "also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R. 7-9(b)(1). Gonzalez has not shown that any relevant facts or law were outside her knowledge despite reasonable diligence at the time of the previous order. The motion is therefore DENIED.[1]

Under some circumstances, the Court might nevertheless excuse a pro se party's failure to follow procedure or include relevant facts. Here, however, Gonzalez has not shown that the second amended complaint she wishes to file would cure her failure to comply with the requirement to file a timely administrative charge before bringing a Title VII claim. Despite the Court's repeated admonitions that any factual basis for tolling the deadline must be alleged in a complaint rather than merely asserted in legal briefs, the proposed second amended complaint (captioned as a first amended complaint) still includes no allegations regarding the purported reasons Gonzalez failed to file her charge on time. *See* dkt. 77-1. Even if the Court were to look to the assertions in her motion, Gonzalez still primarily relies on vague references to illness, providing specificity only with respect to a hospital stay that ended in March of 2020, many

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

months before she was required to file with the EEOC in October of that year.  *See id.* Ex. A.  She has offered no authority to suggest that the early-2020 hospitalization should excuse her failure to file within the deadline.

As for Gonzalez's argument of waiver, Apttus's original answer asserted as affirmative defenses that Gonzalez's "claims fail to the extent that they are untimely and/or barred by applicable statutes of limitations" and "to the extent that [she] has failed to utilize and exhaust available administrative remedies and/or satisfy any prerequisites to suit."  Answer (dkt. 33) at 3.  Although Apttus waited four months after filing that answer to file a motion for judgment on the pleadings specifically arguing that Gonzalez's EEOC charge was untimely (dkt. 49), Gonzalez has not identified any reason that delay should be treated as a waiver, much less after Gonzalez herself waited *eight* months after Apttus filed that motion (as well as significant time after a second motion and the Court's decisions on both motions, *see* dkts. 57, 63, 69) before suggesting that Apttus waived its defense.

In short, Gonzalez has shown no basis for leave to file for reconsideration or for any error in the Court's previous order.  Her Title VII claims remain dismissed, and the case remains limited to the Equal Pay Act claim of her first amended complaint.  The case also remains stayed pending the outcome of an investigation by the California Department of Fair Employment and Housing.

Gonzalez is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to pursue this case.  Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation.  Gonzalez may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: August 30, 2022

JOSEPH C. SPERO
Chief Magistrate Judge