UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>APTTUS CORPORATION,<br><br>    Defendant. | Case No. 21-cv-01844-JCS<br><br>**ORDER GRANTING MOTION TO STRIKE OR DISMISS PURSUANT TO FRCP 12(f) AND 12(b)(6)**<br><br>Re: Dkt. No. 88 |

## I. INTRODUCTION

On January 31, 2023, California's Civil Rights Department ("CRD") issued a right-to-sue letter permitting Plaintiff, Yanira Gonzalez, pro se, to bring a civil action asserting employment discrimination claims under the Fair Employment and Housing Act ("FEHA") against her former employer, Apttus Corporation ("Apttus").[1] Accordingly, this Court gave Gonzalez leave to amend her complaint to add "only the newly exhausted claims[.]" Dkt. no. 86. Gonzalez subsequently filed a Second Amended Complaint ("SAC"), which is the operative complaint. Presently before the Court is Defendant Apttus Corporation's Motion to Strike or Dismiss Pursuant to FRCP 12(f) and 12(b)(6) ("Motion"). A hearing on the Motion was held on May 19, 2023. The Court GRANTS in part Defendant's Motion and dismisses Gonzalez's Second Amend Complaint, except as to her claim under the Federal Equal Pay Act, with leave to amend consistent with the strict parameters set forth below.

---

[1] In her First and Second Amended Complaints, Plaintiff refers to Defendant as "Apttus Corporation, aka Conga, Thoma Bravo." At the May 19, 2023 motion hearing, counsel for Apttus Corporation stipulated that Apttus, Conga and Thoma Bravo are the same entity and that it is properly referred to as Apttus for the purposes of this case.

## II. BACKGROUND

On February 10, 2021, Gonzalez filed her initial complaint in the Southern District of New York. In it, she asserted claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 (ADA"), and the New York State and New York City Human Rights Laws (collectively, "New York Human Rights Laws"). Dkt. no. 1. The action was transferred to this Court on the basis that Gonzalez's claims arose here. Dkt. no. 4.

On January 28, 2022, Apttus brought a motion for judgment on the pleadings in which it asserted that all of Gonzalez's federal claims should be dismissed for failure to exhaust administrative remedies within 300 days of the conduct at issue because she waited until 361 days after she was fired to file her administrative charge; and that her claims under the New York Human Rights Laws must be dismissed because she alleged that she was employed in California and had not alleged any facts connecting her claims to New York. Dkt. no. 49. The Court granted that motion, finding that Gonzalez's claims under Title VII, the ADA and the ADEA were untimely because of the late filing of her administrative charge with the EEOC and that her claims under the New York Human Rights Laws were insufficiently pled because she alleged no facts establishing that her claims had any connection with New York. Dkt. no. 57. Based on representations Gonzalez made in her briefs about an illness she experienced in 2020, the Court granted leave to amend to allege those facts in her complaint, along with any other facts that might show that the 300-day deadline was tolled; the Court also permitted Plaintiff to amend to allege facts showing that her claims were connected in some way to New York.

On June 10, 2022, Gonzalez filed her First Amended Complaint ("FAC"), in which she asserted only two claims: a claim for sex discrimination under Title VII and a claim under the federal Equal Pay Act. Dkt. no. 61. She did not include in the FAC claims for violation of the New York Human Rights Laws, the ADA or the ADEA or any theories other than sex discrimination on her Title VII claim; nor did she include any allegations relating to the possible tolling of the 300-day deadline to file an administrative charge to exhaust her federal claims. Consequently, the Court granted Apttus's Partial Motion to Dismiss, dkt. no. 63, seeking dismissal

with prejudice of the Title VII claim. In particular, the Court found in its August 8, 2022 Order that Gonzalez's Title VII claim was untimely and dismissed that claim with prejudice based on the fact that Gonzales had failed to add any allegations relating to tolling, despite the Court's clear instructions that she must do so in order for her federal claims – including her Title VII claim – to survive. Dkt. no. 69. The Court also found that Gonzalez's claims for disability discrimination under the ADA and age discrimination under the ADEA were no longer part of the case, having been omitted from the FAC, and that even if they had been asserted in the FAC, they would have been untimely for the same reasons her Title VII claim was untimely. *Id.* The Court allowed the Equal Pay Act claim to go forward.

Gonzalez appealed the Court's August 8, 2022 Order to the Ninth Circuit, dkt. no. 74, which dismissed the appeal on the basis that no final judgment had been entered and therefore it lacked jurisdiction over the appeal. Dkt. no. 79. Gonzalez also brought a motion for reconsideration of the August 8, 2022 Order seeking leave to file a second amended complaint that included the Title VII claim the Court had dismissed and the other federal claims that the Court had found had been abandoned. Dkt. no. 77 ("Motion for Reconsideration"). Gonzalez asserted that she was unaware that the FAC superseded the previous complaint rather than supplementing it and pointed to facts that she asserted justified the delay in filing her EEOC charge. *Id.*

The Court denied the Motion for Reconsideration, pointing out that it specifically admonished Gonzalez in its first order of dismissal that the amended complaint supersedes the previous complaint and further finding that Gonzalez failed to meet the requirements of Civ. L.R. 7-9(b)(1), which requires that where a motion for leave to file a motion to reconsider is based on a material difference of fact or law, the party seeking reconsideration "also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R. 7-9(b)(1). Dkt. no. 78. The Court found that Gonzalez did not meet that requirement. It further found, based on review of the proposed Second Amended Complaint filed by Gonzalez in support of the Motion for Reconsideration, that it would not "cure her failure to comply with the requirement to file a timely administrative charge before bringing a Title VII claim." *Id.* The Court explained, "Despite the Court's repeated

admonitions that any factual basis for tolling the deadline must be alleged in a complaint rather than merely asserted in legal briefs, the proposed second amended complaint (captioned as a first amended complaint) still includes no allegations regarding the purported reasons Gonzalez failed to file her charge on time." *Id.*

In the meantime, in early 2022, Gonzalez submitted a charge to the California Civil Rights Department and received a right-to-sue letter dated January 31, 2023 on her California state law claims. Dkt. no. 84-2 ("CRD right-to-sue letter"). The CRD right-to-sue letter states that it authorizes Gonzalez to file a "civil action asserting employment claims under the FEHA within one year of the date of [the] letter." *Id.* It states further, "if you want to file a civil action that includes other claims, you should consult an attorney about the applicable statues of limitations." *Id.* The letter continues:

> Your complaint is **not dual filed** with the United States Equal Employment Opportunity Commission (EEOC). To obtain a federal Right to Sue notice, you must visit the U S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this letter or within 300 days of the alleged discriminatory act, whichever is earlier.

*Id.* (emphasis in original). [2] *Id.* At a Case Management Conference on February 24, 2023, the Court gave Gonzalez leave to amend her complaint to add "only the newly exhausted claims." Dkt. no. 86.

In the SAC, Gonzales asserts the following claims: 1) violation of the Equal Pay Act (Claim One); 2) employment discrimination on the basis of sex under Title VII (Claim Two); 3) employment discrimination on the basis of age under the ADEA (Claim Three); 4) retaliation for engaging in protected activity under Title VII (Claim Four); and 5) wrongful termination in violation of public policy (Claim Five). *See generally* SAC. In addition, in a section entitled "Nature of the Proceeding" Gonzalez states that it is also an action for violation of the California

---

[2] Gonzalez's December 8, 2020 charge filed with the EEOC was addressed to both the EEOC and the California DFEH, *see* dkt. no. 1-4, but apparently, that charge was not passed on to the California Civil Rights Department. Neither side has supplied the Court with a copy of the charge that Gonzalez filed in 2022 with the Civil Rights Department.

Fair Pay Act, Cal. Labor Code section 1197.5.[3]  The SAC does not include any claims under FEHA.

In the Motion, Apttus contends the Court should strike or dismiss all of Gonzalez's newly asserted claims, including any "apparent claims" in the Nature of Proceeding section of the SAC, under Rule 12(f) of the Federal Rules of Civil Procedure on the basis that the Court permitted Gonzalez to amend *only* to add newly exhausted claims, that is, any FEHA claims that were asserted in Gonzalez's charge. Motion at 6, 9-10.  Apttus argues further that the Title VII sex discrimination claim (Claim Two) should be stricken because the Court already dismissed the same claim with prejudice and without leave to amend.  *Id.* at 10-11.  As to the ADEA claim (Claim Three) and the Title VII retaliation claim (Claim Four), Apttus argues that these claims should be dismissed for the additional reason that Gonzalez abandoned and thus waived them when she failed to include them in the FAC.  *Id.* at 12.  Finally, Apttus asserts that Claims Two, Three, Four and Five, as well as the California Fair Pay Act claim, are all time-barred and therefore should be stricken or dismissed.  Apttus argues that Gonzalez should not be given another opportunity to amend as she has repeatedly ignored the Court's orders and failed to cure deficiencies identified by the Court.  *Id.* at 13-14.  Apttus asserts that allowing Gonzalez to file another complaint will cause it to be severely prejudiced because of the expense and delay associated with having to bring yet another motion to dismiss.  *Id.*

In her Opposition, Gonzalez states that "[t]he Second Amended Complaint (SAC) addresses newly exhausted claims under the Fair Employment and Housing Act, now Civil Rights Department (CRD)." Opposition at 1.  She states further that "[t]he newly exhausted claims under the Fair Employment and Housing Act now Civil Rights Department (CRD), include[ ] retaliation, wrongful employment, failure to accommodate and discrimination based on sex, disability and protected activity" and asserts that "[n]one of these are fresh new allegations or claims." *Id.*  She argues further that "[t]he time limitation for the claims on the Second Amended complaint expires

---

[3] This section of the SAC also refers to Title VII claims for employment discrimination based on age and disability.  The Court construes these statements as attempts to assert claims under the ADA and the ADEA.

5

1  on January 31st, 2024" because the right-to-sue letter from California CRD is dated January 31,

2  2023 and that letter "allows for a full year from the date of the letter to file a federal and common

3  law case." *Id.* at 2. Gonzalez goes on to argue that she has sufficiently alleged all of the elements

4  of the claims asserted in the SAC, including FEHA, that motions to strike are disfavored, that her

5  pro se status should be taken into account, and that under Rule 15(a) of the Federal Rules of Civil

6  Procedure she should be permitted to amend to add four new individual defendants. *Id.* at 4-6.

7  She also devotes a significant portion of her brief to accusations of discovery misconduct by

8  Apttus.

9  **III.   ANALYSIS**

10      **A.   Legal Standards**

11          **1.   Rule 12(f)**

12  A party may move the court to "strike from a pleading an insufficient defense or any

13  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of

14  a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

15  litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v.*

16  *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are

17  generally regarded with disfavor because of the limited importance of pleading in federal practice,

18  and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595

19  F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies

20  within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-

21  CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at

22  973).

23          **2.   Rule 12(b)(6)**

24  A complaint may be dismissed for failure to state a claim on which relief can be granted

25  under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss

26  under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp.*

27  *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage

28  is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B.   Discussion**

   **1.   Federal Claims**

As to the federal claims asserted in Gonzalez's SAC, these claims are barred by the Court's past orders. In particular, the Court has issued three substantive orders addressing the timeliness of Gonzalez's federal claims under Title VII, the ADA and the ADEA, including an order that explained why the 300-day time to file a charge rendered her federal claims untimely and allowing her to amend to add facts relevant to tolling of that time limit (dkt. no. 57), an order dismissing her Title VII claim with prejudice after she included no such facts in her FAC and finding her other federal claims to have been abandoned (dkt. no. 69) and an order rejecting her request to amend

her complaint again to add the Title VII claim and the other abandoned federal claims (dkt. no. 78). The Court also explained to Gonzalez at the February 24, 2023 case management conference that she would be permitted to amend her complaint *only* to add the newly exhausted claims.

Nonetheless, Gonzalez asserted in the SAC all of the federal claims that the Court had already found to be untimely or abandoned. She appears to have relied on language in the CRD right-to-sue letter that she believed allowed her to file federal or state discrimination claims within a year, but the CRD right-to-sue letter makes clear that any federal discrimination claims arising out of the same conduct must be exhausted by filing a complaint with the EEOC "within 30 days of receipt of this letter or within 300 days of the alleged discriminatory act, *whichever is earlier*." Dkt. no. 84-2 (emphasis added). As discussed above, there has been extensive litigation in this case addressing this 300-day requirement and the question of whether Gonzalez has satisfied that requirement has been the subject of multiple court orders. In light of this history, the clear language in the CRD right-to-sue letter, and the Court's instructions at the February 24, 2023 Case Management Conference, the Court finds that Gonzalez's federal claims (except for the Equal Pay Act claim) in the SAC are "redundant" and "impertinent" under Rule 12(f), notwithstanding Gonzalez's pro se status and the fact that motions to strike are generally disfavored. Therefore, the Court GRANTS Apttus's Motion as to Claims Two, Three and Four and STRIKES those claims pursuant to Rule 12(f).[4]

### 2. State Law Claims

Because neither the California Fair Pay Act claim nor the wrongful termination claim Gonzalez asserts in the SAC is subject to exhaustion, these claims are not "newly exhausted claims" and do not fall within the ambit of the Court's order permitting Gonzalez to amend her complaint. On that basis, the Court concludes that it is appropriate to strike these claims under Rule 12(f) as "redundant" and "immaterial."

Even if the Court were to consider these claims under Rule 12(b)(6), it would find them

---

[4] The Court notes that even if Gonzalez's federal claims were not stricken under Rule 12(f), they would be subject to dismissal under Rule 12(b)(6) on the basis that they are untimely as Gonzalez's EEOC charge was filed 361 days after she was terminated and in the SAC she again fails to allege any facts that might give rise to tolling of the 300-day time limit.

1  untimely. California's Fair Pay Act provides that a civil action "may be commenced no later than
2  two years after the cause of action occurs, except that a cause of action arising out of a willful
3  violation may be commenced no later than three years after the cause of action occurs." Cal. Lab.
4  Code § 1197.5(i). As Gonzalez was terminated by Apttus on December 13, 2019, SAC ¶ 20, and
5  she asserted the California Fair Pay Act claim for the first time in the SAC, filed on March 8,
6  2023, her claim is untimely even under the longer three-year limitations period. To the extent the
7  limitations period might be tolled (a question the Court does not decide), Gonzalez has alleged no
8  facts that give rise to a plausible inference that the deadline was tolled and there is no indication
9  that she can do so.

Similarly, the claim for wrongful termination in violation of public policy is subject to a two-year statute of limitations. *See Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382 (2015) (holding that claim for wrongful termination in violation of public policy is subject to the general statute of limitations for tort actions, Cal. Code Civ. Proc. § 335.1, providing for two-year limitations period). Again, because Gonzalez was terminated in December 2019, her assertion of this claim for the first time in March 2023 is untimely where she has not alleged any facts giving rise to a plausible inference of tolling.

### 3. Whether Plaintiff Should be Given Leave to Amend

"[L]eave to amend shall be freely given when justice so requires, but a district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (internal quotation marks and citation omitted); see Fed. R. Civ. P. 15(a)(2). Among the discretionary factors, "prejudice to the opposing party [ ] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing [by the party opposing amendment] of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. In *Eminence*, the court found that the district court abused its discretion in denying leave to amend where the plaintiffs were "endeavoring in good faith to meet the [applicable]

pleading requirements and to comply with court guidance, and, most importantly, it appear[ed] that plaintiffs had a reasonable chance of successfully stating a claim if given another opportunity." *Id.* at 1053.

Here, it does not appear that Gonzalez has a reasonable chance of stating a claim under California's Fair Pay Act or for wrongful termination as a plausible inference of timeliness could only arise if these claims are subject to tolling (a question that has not been briefed) and if Gonzalez were to amend her complaint to add facts establishing tolling of the limitations periods. The Court previously found that leave to amend in connection with the timeliness of Gonzalez's Title VII claim was futile after Gonzalez failed to add any facts supporting tolling of the 300-day limitation after being granted leave to do so and clear guidance on that requirement. For the same reason, the Court concludes that Gonzalez likely will not be able to state a claim as to these two state law claims if she is once again given leave to allege facts showing tolling.

On the other hand, Gonzalez may be able to assert viable claims under FEHA. The Court is mindful of the prejudice to Apttus in terms of expense and delay of allowing Gonzalez to amend her complaint a third time. However, the Court is also persuaded that Gonzalez's failure to assert the newly exhausted FEHA claims in her Second Amended Complaint was not a result of any bad faith but instead, reflected a genuine lack of understanding of the Court's instructions and the legal requirements and implications of the administrative exhaustion of her FEHA claims.

Taking into consideration Gonzalez's pro se status and the possibility that she may be able to state viable FEHA claims, the Court will permit her to amend her complaint to assert the following FEHA claims against Apttus:[5] 1) gender discrimination in violation of Cal. Gov't Code section 12940(a); 2) age discrimination in violation of Cal. Gov't. Code section 12940(a); 3) disability discrimination in violation of Cal. Gov't. Code section 12940(a); 4) retaliation in violation of Cal. Gov't Code section 12940(h). In addition, Gonzalez may assert her federal Equal Pay Act claim in her amended complaint.

---

[5] Although Gonzalez stated in her motion papers that she was seeking to amend to add individual defendants, she withdrew that request at the motion hearing and stipulated that she no longer wishes to assert claims against any individual defendant.

10

## IV. CONCLUSION

The Court GRANTS the Motion except that it will permit Gonzalez to file a Third Amended Complaint no later than **July 7, 2023.** Because an amended pleading completely replaces the previous pleading, any amendment may not incorporate claims or allegations of Gonzalez's previous complaint by reference, but instead must include all of the claims Gonzalez seeks to assert that have been permitted by the Court (that is, the five claims listed above) and the facts that support those claims.  The Court emphasizes that Gonzalez **may not assert any claims that have not been expressly authorized by the Court herein.  Failure to follow the Court's instructions may result in dismissal of this action with prejudice.**  The Court encourages Gonzalez to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance. The Help Desk can be reached by telephone at (415) 782-8982 or by email at FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated:  May 19, 2023

JOSEPH C. SPERO
United States Magistrate Judge