UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| YANIRA GONZALEZ, | |
|---|---|
| Plaintiff, | Case No. 21-cv-01844-JCS |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE OR DISMISS** |
| APTTUS CORPORATION, | |
| Defendant. | Re: Dkt. No. 123 |

## I. INTRODUCTION

Defendant Apttus Corporation ("Apttus") brings a Motion to Strike or Dismiss Plaintiff's Fourth Amended Complaint Pursuant to FRCP 12(f) and 12(b)(6) ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the Motion hearing set for March 22, 2024 at 9:30 a.m. The case management conference set for the same date will remain on calendar but will be conducted at 2:00 p.m. instead of 9:30 a.m. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II. BACKGROUND

In 2021, plaintiff Yanira Gonzalez, who was proceeding pro se, filed the initial complaint in this action. There have been multiple rounds of motion practice and amendment of the complaint since that time. Recently, the Court appointed counsel for Gonzalez and as a consequence, her Fourth Amended Complaint, which is the operative complaint, is the first complaint drafted by an attorney. The Court permitted Gonzalez to file a Fourth Amended Complaint to allege "specific facts to establish that the conduct that is the basis of her FEHA

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

claims occurred in California." July 26, 2023 Order Granting in Part and Denying in Part Motion to Dismiss Third Amended Complaint and Referring Plaintiff to Legal Help Center for Determination of Eligibility for Appointment of Counsel, dkt. no. 104 ("July 26 Order") at 9. The Court stated in its July 26 Order, "[Gonzalez] may not assert any new claims." *Id.*

Previously, the Court had permitted Gonzalez to file a Third Amended Complaint to assert newly exhausted FEHA claims after Gonzalez failed to assert those claims in her Second Amended Complaint, even though it appears she intended to include those claims in her Second Amended Complaint and the Court had given her leave to do so. *See generally,* May 19, 2023 Order Granting Motion to Strike or Dismiss Pursuant to FRCP 12(f) And 12(b)(6), dkt. no. 98 ("May 19 Order"). The Court found that the failure to include the FEHA claims was not due to any bad faith but "instead, reflected a genuine lack of understanding of the Court's instructions and the legal requirements and implications of the administrative exhaustion of her FEHA claims." *Id.* at 10.

In the May 19 Order, the Court instructed Gonzalez as follows:

> Taking into consideration Gonzalez's pro se status and the possibility that she may be able to state viable FEHA claims, the Court will permit her to amend her complaint to assert the following FEHA claims against Apttus: 1) gender discrimination in violation of Cal. Gov't Code section 12940(a); 2) age discrimination in violation of Cal. Gov't. Code section 12940(a); 3) disability discrimination in violation of Cal. Gov't. Code section 12940(a); 4) retaliation in violation of Cal. Gov't Code section 12940(h). In addition, Gonzalez may assert her federal Equal Pay Act claim in her amended complaint.
>
> . . .
> Because an amended pleading completely replaces the previous pleading, any amendment may not incorporate claims or allegations of Gonzalez's previous complaint by reference, but instead must include all of the claims Gonzalez seeks to assert that have been permitted by the Court (that is, the five claims listed above) and the facts that support those claims. The Court emphasizes that Gonzalez **may not assert any claims that have not been expressly authorized by the Court herein. Failure to follow the Court's instructions may result in dismissal of this action with prejudice**.

May 19 Order at 11 (emphasis in original).

In the Fourth Amended Complaint, Gonzalez has asserted claims for gender discrimination and retaliation under FEHA and a claim under the federal Equal Pay Act Claim, all of which the Court expressly permitted in the orders quoted above. In addition, she has asserted a second claim under the federal Equal Pay Act, for retaliation, and a FEHA claim for failure to prevent discrimination. Apttus argues in the Motion that the Court should dismiss the entire case with prejudice because Gonzalez failed to adhere to the Court's instructions by adding these two new claims. In the alternative, it asks the Court to at least strike the two new claims. It further asserts that the Equal Pay Act retaliation claim is untimely because it does not relate back to the original complaint.

In support of its request that the case be dismissed with prejudice, Apttus argues that it has already suffered prejudice because the Court has permitted Gonzalez to amend her complaint several times and that the addition of the Equal Pay Act Claim for retaliation will cause further prejudice because it will "enlarge the scope of contested issues because of the expanded forms of relief available." Reply at 5. In particular, it contends that "[u]nder Plaintiff's EPA claim for denial of equal pay, she can only recover the difference in pay she should have allegedly received plus liquidated damages, but under the EPA retaliation claim Plaintiff could recover compensatory damages, such as for physical or emotional harm, and lost wages [ ] [and she] could also recover punitive damages." *Id.* According to Apttus, "[t]hese are new issues that will require additional discovery that would not be necessary otherwise, resulting in substantial additional litigation expenses. This will also require Apttus to alter its course of defense because whereas Plaintiff's EPA claim for denial of equal pay requires discovery related only to salaries of male counterparts, Plaintiff's EPA claim for retaliation will require extensive discovery related to Plaintiff's alleged protective activities and alleged adverse employment actions, which may involve voluminous documents to be reviewed and numerous witnesses to be deposed." *Id.* Apttus also contends it is "prejudiced by Plaintiff's bad faith in knowingly asserting new and unpermitted claims after Plaintiff advised the Court and Apttus it would not and after Plaintiff asked Apttus to stipulate to early mediation with a mediation completion deadline of July 31, 2024." *Id.*

Gonzalez counters that the claims are not "new" in any meaningful sense and that even if

3

1  she should have sought leave to assert them, the error is harmless because the Court would likely
2  have granted her request had she done so. Gonzalez also contends the Equal Pay Act retaliation
3  claim relates back to her original complaint and is therefore timely.

## III. ANALYSIS

### A. Legal Standards Under Rule 12(f)

A party may move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

### B. Discussion

Although Rule 12(f) motions are generally disfavored, the Court finds that Gonzalez's new claims – Claims Two and Four in her Fourth Amended Complaint – are "redundant" and "impertinent" under Rule 12(f). The Court has been liberal in permitting Gonzalez to amend her complaint, taking into account her pro se status and consistently finding that she has acted in good faith. Nonetheless, the Court is cognizant of the burden imposed on Apttus of repeatedly being required to respond to Gonzalez's amended complaints. To balance these concerns, the Court explicitly limited the claims Gonzalez would be permitted to assert in her Third and Fourth Amended Complaints and clearly enumerated those claims in its May 19 and July 26 Orders. Having already struck a balance on this question, the Court declines to revisit this issue. Therefore, the Court strikes Claims Two and Four of the Fourth Amended Complaint.

On the other hand, the Court rejects Apttus's request that the Court dismiss the entire case

with prejudice. While failure to follow the court's orders may, under some circumstances, result in dismissal of a case with prejudice (as the Court warned in its May 19 Order), terminating sanctions "are a severe remedy and should be imposed only in extreme circumstances." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). "In the Ninth Circuit, 'extraordinary circumstances exist where there is a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case.' " *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006) (citing *Advantacare Health Partners, LP v. Access IV*, No. C 03–04496 JF, 2004 WL 1837997 at *5 (N.D. Cal. Aug.17, 2004) (citation omitted)).

Here, the Court has found that Gonzalez's failure to follow the Court's instructions has resulted from lack of understanding of the governing law and/or the Court's instructions and has been in good faith. Therefore, this single instance of failing to follow the Court's instructions – even if it was the result of bad faith – does not establish a pattern of doing so. Furthermore, the Court does not find that the addition of Claims Two and Four reflects bad faith. To the extent Gonzalez's Fourth Amended Complaint was drafted by counsel, who were aware of and presumably understood the Court's instructions, the Court concludes that Gonzalez's counsel could reasonably have believed that they were adhering to the spirit of the Court's instructions.[2]

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion as to Apttus's request that claims Two and Four be stricken. The Motion is otherwise denied.

**IT IS SO ORDERED.**

Dated: March 13, 2024

Joseph C. Spero
United States Magistrate Judge

---

[2] The Court cautions Gonzalez's counsel, however, that going forward, they should strictly adhere to the Court's instructions and, when in doubt, seek clarification from the Court.

5